## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
ERIN FORD,                       :
                                 :   Civil Action No. 11-6229 (FSH)
              Petitioner,        :
                                 :
              v.                 :   OPINION
                                 :
CHARLES WARREN, et al.,          :
                                 :
              Respondents.       :
```

**APPEARANCES:**

    ERIN FORD, Petitioner pro se
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    BARBARA A. ROSENKRANS, ESQ.
    Special Deputy Attorney General
    Acting Assistant Prosecutor
    OFFICE OF THE ESSEX COUNTY PROSECUTOR
    Essex County Veterans Courthouse
    Newark, New Jersey 07102

**HOCHBERG**, District Judge

    This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Erin Ford, on or about October 18, 2011.  Petitioner submitted an incomplete application to proceed in forma pauperis ("IFP").  In particular, he failed to provide a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b). Accordingly, his IFP application is denied and Petitioner will be allowed thirty (30) days to submit the requisite certification, or pay the $5.00 filing fee.

Petitioner also submitted with his habeas petition a request for a stay and abeyance. (Docket entry no. 1-5). Respondents filed an opposition to the request for a stay and abeyance on the ground that the habeas petition is untimely. (Docket entry no. 2). Petitioner filed a reply on or about March 23, 2012. (Docket entry no. 3). Having reviewed Petitioner's request for a stay and abeyance of his habeas petition, together with all opposition and reply papers filed by the parties, pursuant to Fed.R.Civ.P. 78, this Court finds that the habeas petition is time-barred, and that the request for a stay and abeyance should be denied as moot.

## I.   PROCEDURAL BACKGROUND

On March 23, 2001,[1] Petitioner was sentenced to an aggregate prison term of 40 years with a 32 year parole disqualifier, subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, pursuant to a judgment of conviction before the Superior Court of New Jersey, Law Division, Essex County, on a nine-count indictment that included charges of first degree attempted murder, first degree robbery, second degree aggravated assault and several weapons offenses. Petitioner filed a direct appeal from his conviction and sentence before the Superior Court of New Jersey, Appellate Division, and the Appellate Division affirmed

---

[1]   Petitioner's sentencing was delayed until March 23, 2001 because he had fled the jurisdiction.

Petitioner's conviction and sentence in <u>State v. Ford</u>, No. A-5867-00 (App. Div. Jan. 14, 2003).  <u>See</u> March 11, 2011 Appellate Division Opinion on appeal from denial Petitioner's state post-conviction relief ("PCR") motion, attached to Respondent's opposition at Docket entry no. 2-1.  Petitioner did not file a petition for certification with the New Jersey Supreme Court. (Petitioner's Reply, Docket entry no. 3 at pg. 1).

Petitioner filed his first petition for post-conviction relief ("PCR") in state court on February 10, 2006.  The state PCR court denied the petition on August 28, 2006.  Petitioner appealed and, on March 11, 2011, the Appellate Division affirmed the trial court's decision denying the PCR petition.  Petitioner filed a petition for certification before the New Jersey Supreme Court, which was denied on September 7, 2011.

Petitioner then filed this habeas petition on or about October 18, 2011, raising fifteen claims for habeas relief. Petitioner also filed a motion for a stay or abeyance of the petition because four of the claims (Grounds Twelve, Thirteen, Fourteen and Fifteen) were unexhausted and currently pending review in state court on Petitioner's second state PCR petition.

In opposition to Petitioner's request for a stay, the State filed a response on November 7, 2011, arguing that a stay was inappropriate because the entire petition was time-barred. (Docket entry no. 2).  Petitioner replied on or about March 23,

2012, claiming that equitable estoppel should be applied because the delay in filing his first state PCR petition was occasioned by attorney misconduct and misrepresentation.  (Docket entry no. 3).

### III.  ANALYSIS

#### A.  Pro Se Pleading

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV.  STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

(2) The time during which a properly filed application
for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d

Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

1996).  The Third Circuit has ruled that state prisoners whose

convictions became final before the April 24, 1996 enactment of

AEDPA are permitted one year, until April 23, 1997, in which to

file a federal habeas petition under § 2254.  See Burns, 134 F.3d

at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27

(1997)("[t]he statute reveals Congress' intent to apply the

amendments to chapter 153 only to such cases as were filed after

the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of

a § 2254 petition requires a determination of, first, when the

pertinent judgment became "final," and, second, the period of

time during which an application for state post-conviction relief

was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the

meaning of § 2244(d)(1) by the conclusion of direct review or by

the expiration of time for seeking such review, including the 90-

day period for filing a petition for writ of certiorari in the

United States Supreme Court.  <u>See</u> <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir. 2000); <u>Morris v. Horn</u>, 187 F.3d 333, 337 n.1 (3d Cir. 1999); <u>U.S. Sup. Ct. R.</u> 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  <u>Burns</u>, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24.

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 332-33 (2007); <u>Stokes v.</u> <u>District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

Here, Petitioner's judgment of conviction became final after the  enactment of AEDPA.  His judgment of conviction was entered on or about March 23, 2001.  Petitioner filed a direct appeal and the Appellate Division affirmed the conviction and sentence on January 14, 2003.  However, he did not file a petition for certification before the Supreme Court of New Jersey.  Under <u>N.J.Ct.R.</u> 2:12-3, a petitioner is required to file a notice of petition for certification within 20 days of the Appellate Division's adverse ruling.  Consequently, Petitioner would have had to file his notice by February 3, 2003.  Adding the 90-day period within which to file a petition for certiorari to the United States Supreme Court, assuming arguendo that there was a ruling to appeal, Petitioner's direct review became final under § 2244(d)(1), 90 days after February 3, 2003, or on or about May 3, 2003.  <u>See</u> <u>Swartz</u>, 204 F.3d at 419; <u>Morris</u>, 187 F.3d at 337 n.1; <u>U.S. Sup. Ct. R.</u> 13.  Petitioner then had one year from May 3, 2003, or until May 3, 2004, to file his federal habeas petition under § 2254.  The parties do not appear to dispute that

May 3, 2003 was the date Petitioner's conviction became final and the statutory period started to run.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before May 3, 2004.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Petitioner's state PCR petition was filed on February 10, 2006, well after the one-year statute of limitations had expired on May 3, 2004.  Thus, this Court finds that there was no statutory tolling of the limitations period in this case.

However, Petitioner argues that he can overcome this statutory time bar because he is entitled to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336; Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." <u>LaCava v. Kyler</u>, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice." <u>Lacava</u>, 398 F.3d at 275 (3d Cir. 2005). A mere showing of "excusable neglect is not sufficient" to warrant equitable tolling. <u>Id</u>. at 276; <u>Miller</u>, 145 F.3d at 618-19; <u>Jones</u>, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, <u>see Jones</u>, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, <u>see Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir.), <u>cert</u>. <u>denied</u>, 546 U.S. 957

(2005).[3]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Petitioner alleges that he (and his family) had retained the legal services of Richard M. Roberts, Esq., to represent Petitioner on his direct appeal.  After the Appellate Division affirmed Petitioner's conviction on January 14, 2003, Mr. Roberts was directed to file a petition for certification with the New Jersey Supreme Court, which he failed to do. (Petitioner's Certification at ¶ 7, Docket entry no. 3). Petitioner also retained Mr. Roberts to prepare and file a state PCR petition.  In a fee arbitration brought before the Supreme Court of New Jersey, District Fee Arbitration Committee, Petitioner's mother, Jacqueline Walker, stated that, in February

---

[3]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

2003, she had paid a $3,500.00 retainer to Mr. Roberts to file a state PCR petition.  During the year, Ms. Walker had contacted the attorney's office on numerous occasions to inquire as to the status of the petition, and was told that the drafts were in progress.  In February 2004, Ms. Walker called and insisted on seeing Mr. Roberts.  Mr. Roberts told her that briefs had been filed and he was waiting for a response from the court.  However, because there was no contact between Mr. Roberts and Petitioner for one year, Ms. Walker insisted that Mr. Roberts mail the PCR petition papers to Petitioner.  In March 2004, when no papers were received, Ms. Walker again contacted Mr. Roberts' office and was told that a copy of the petition papers would be mailed after Mr. Roberts proofread the draft.  In April 2004, Ms. Walker telephoned Mr. Roberts' office numerous times with no response. Consequently, in June 2004, Ms. Walker retained another attorney to contact Mr. Roberts on Petitioner's behalf.  The new attorney likewise was unsuccessful in obtaining any information about the PCR petition from Mr. Roberts.  In July 2004, the new attorney wrote to Mr. Roberts to inform him that an Ethics Complaint would be filed against him.  In July 2004, Mr. Roberts' secretary telephoned Ms. Walker to arrange an appointment with Mr. Roberts for the first week in August 2004.  Mr. Roberts did not keep the appointment.  Ms. Walker then spoke with Mr. Roberts' secretary who told her that the PCR petition briefs would be done on or

11

before September 16, 2004, or Ms. Walker could have a refund of the $3,500.00 retainer.  On January 31, 2005, Ms. Walker filed an Attorney Fee Arbitration Request Form because Mr. Roberts never refunded the retainer or filed any PCR petition on Petitioner's behalf.  See Erin Ford v. Richard M. Roberts, Esq., District Fee Arbitration Committee, Docket No. V-C-05-50F (Docket entry no. 3, pp. 24-46).

On January 21, 2006, an Arbitration Determination was entered against Mr. Roberts, ordering the return of the $3,500.00 retainer with a recommendation that the matter be referred to the Ethics Committee.  Id.  (Docket entry no. 3, pp. 19-21).  On March 21, 2007, a Disciplinary Action Complaint was filed against Mr. Roberts before the Superior Court of New Jersey, District V-C Ethics Committee, Docket No. VC-2006-0043E.  (Docket entry no. 3 at pp. 13-14).  The Disciplinary Action Complaint reiterated Mr. Roberts' inaction as set forth above in ¶¶ 4-11 of the Complaint. The Complaint also stated that, in October 2004, twenty-one months after a retainer was paid to Mr. Roberts, Petitioner had retained another attorney to handle his state PCR petition.[4]

---

[4]  The Disciplinary Action Complaint asserted that Mr. Roberts violated the Rules of Professional Conduct as follows: (1) gross negligence in violation of RPC 1.1(a), for failure to take any action regarding Petitioner's state PCR petition; (2) lack of reasonable diligence in violation of RPC 1.3; (3) failure to communicate with client, in violation of RPC 1.4, as to the status of his case for 21 months; and (4) misconduct in violation of RPC 8.4(c), for misrepresenting to Petitioner in February 2004 that a PCR petition had been filed.  (Disciplinary Action Complaint at ¶¶ 17-19, Docket entry no. 3 at pg. 14).

(Id., at ¶ 12).  The Complaint further stated that, during the time frame before instituting the fee arbitration against Mr. Roberts, Petitioner was aware and concerned about the statute of limitations regarding collateral review.  (Id., ¶ 12).

Despite having retained counsel to file his state PCR petition in October 2004, Petitioner did not file his state PCR petition until February 10, 2006, more than 15 months later.  The State has not responded to Petitioner's argument for equitable tolling based on allegations of attorney misconduct.

As a general rule, miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, in a non-capital case such as this, "attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation." Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).  See also Lawrence, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").

However, Petitioner's argument for equitable tolling transcends a claim of mere miscalculation of the statute of limitations.  Rather, based on the factual history set forth

13

above, Petitioner contends that the serious PCR attorney misconduct in his case, which amounted to an abandonment of Petitioner's PCR petition and affirmative misrepresentation, was so extraordinary as to warrant equitable relief from the statutory time bar in this case.[5]

Nevertheless, in making this argument for equitable tolling based on attorney misconduct, Petitioner still must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  See Lawrence, 549 U.S. at 336.  In this regard, Petitioner first argues that he was reasonably diligent because he repeatedly implored his retained counsel, through his mother,

---

[5]   Clearly, the conduct of Petitioner's initial state PCR counsel, Mr. Roberts, was far more deficient than the typical "garden variety attorney neglect."  In Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236 (3d Cir. 1999), the Third Circuit found a similar factual circumstance, where counsel lied to his client about filing papers in court, to be well beyond "garden variety attorney neglect":

> Sloane's level of misbehavior went well beyond the garden variety, because Sloane affirmatively lied to his client. When she called Sloane in early September to check on the status of the complaint, Sloane assured her that he had filed it, when in fact he had not.  In addition, he promised her a number of times that he would send or had sent her a copy of the complaint, yet he never did.  We agree with the Hospital that the mere fact that counsel failed to file the complaint in a timely manner probably constitutes garden variety neglect.  But his affirmative misrepresentations to his client about the very filing at issue here rise above that standard.  The Supreme Court's declaration in Irwin that garden variety attorney neglect is an insufficient reason to invoke equitable tolling therefore does not control the outcome in this case.

Seitzinger, 165 F.3d at 241.

as to the status of his state PCR petition.  More particularly, it appears that Petitioner is arguing that Mr. Roberts' conduct was more than the "garden variety attorney neglect" in that Mr. Roberts abandoned him and affirmatively misrepresented to Petitioner and/or his mother that a state PCR petition had been filed.  Petitioner relies on two recent Supreme Court cases in support of his argument, Maples v. Thomas, 132 S.Ct. 912, 181 L.Ed.2d 807 (Jan. 18, 2012) and Holland v. Florida, 130 S.Ct. 2549, 177 L.Ed.2d 130 (June 14, 2010).

This Court finds Holland most instructive here.  In Holland, the Supreme Court held that § 2244(d) is subject to equitable tolling "in appropriate cases," where the petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing."  130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418).  In particular, the Supreme Court held that the Eleventh Circuit's standard -- that "no allegation of lawyer negligence or of failure to meet a lawyer's standard of care -- in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part -- can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling," (Id. at 2559-60) – was too rigid and inflexible.  Id. at 2565.  In this regard, the Court held that the propriety of a court's exercise of its

equitable powers should be made on a case-by-case basis. Id. at 2563-64. The Court further concluded that the facts establishing attorney misconduct in the case before it could "well be an extraordinary instance" supporting equitable tolling. Id. at 2564.

Moreover, the Holland Court ruled that the diligence required for equitable tolling is "reasonable diligence," not "maximum feasible diligence." 130 S.Ct. at 2565. The Court found reasonable diligence on Holland's part under the circumstances:

> Here, Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [counsel] - the central impediment to the pursuit of his legal remedy -removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to [counsel's] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

Id.

Consequently, the Court reversed the District Court's determination that the matter was time-barred, and remanded the case to the Eleventh Circuit to determine whether the facts entitled Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail. Id.

The Supreme Court addressed a related issue in its recent decision, Maples v. Thomas, 132 S.Ct. 912, 181 L.Ed.2d 807 (Jan. 18, 2012). In Maples, the petitioner's PCR application was

16

prepared by two New York attorneys associated with a certain New York-based law firm.  While that PCR application was pending before the trial court, the petitioner's New York attorneys left their firm for other employ without notifying either the petitioner or the trial court about their inability to continue the petitioner's representation.  When the petitioner's PCR application was denied, notices of the same were sent to the attorneys at their former firm's address and returned to the trial court undelivered and unopened.  The trial court clerk attempted no further mailing, hence leaving the petitioner without notice that his time to appeal was triggered.  Having no such notice, the petitioner procedurally defaulted on his PCR appeal, and that procedural default barred him from raising his claims in his federal habeas petition.  Id., 132 S.Ct. at 916-17, 919-21.

Performing an analysis substantively analogous to that conducted in Holland, the Supreme Court found that the petitioner showed "cause" for the purposes of overcoming the procedural default bar on the grounds of attorney abandonment, which took away not only the petitioner's ability to timely raise his appellate PCR challenges but also the petitioner's ability to raise his federal habeas claims.  Maples, 132 S.Ct. at 923-24, 927-28; compare Schlueter v. Varner, 384 F.3d 69, 77-78 (3d Cir. 2004)(where attorney had allegedly represented that he would file a PCR application, but the prisoner had not taken "affirmative

steps to ensure the timely filing" of such PCR application, equitable tolling was unwarranted).

Following the instruction in Holland, this Court here has carefully reviewed the factual circumstances as submitted by Petitioner on the issue of equitable tolling based on attorney misconduct.  Like Holland, and as stated above, this case exceeds "garden variety attorney neglect."  The failure of Mr. Roberts in neglecting to file a state PCR petition for a period of 21 months and his misrepresentation to Petitioner that he had in fact filed a petition certainly constitute serious misconduct for which the attorney was disciplined by the state court.  These circumstances plainly militate against a strict application of the statutory time bar, and this Court is constrained to apply equitable tolling in this instance based on the egregious malfeasance of Petitioner's counsel.

However, equitable tolling must be balanced against any clear indication of Petitioner's dilatoriness in filing his state PCR petition once he learned that his counsel had not filed his state PCR petition and made affirmative efforts to retain other counsel to do so on his behalf.  Thus, giving Petitioner the benefit of equitable tolling for the time period that he was affirmatively misled by Mr. Roberts concerning the filing of his habeas petition, from January 14, 2003 until October 2004 (when Petitioner retained new counsel to file his state PCR petition), Petitioner would have had one year from October 31, 2004 (the

latest date in October when Petitioner retained new counsel), or until October 31, 2005, to file his federal habeas petition, or his state PCR petition to have statutory tolling under AEDPA. Petitioner waited until February 10, 2006, more than three months beyond this constructive deadline, to file his state PCR petition, despite admitted knowledge of his collateral review deadlines.

Holland does not change the law regarding equitable tolling, which requires that a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing."  130 S.Ct. at 2562.  As discussed above, the pleaded facts in this case do not establish that Petitioner exercised reasonable diligence in pursuing his rights after learning of his counsel's malfeasance.  The pleaded facts also confirm that Petitioner was well aware of the federal statute of limitations deadline before it passed.  In particular, the Court finds that Petitioner's retention of new PCR counsel in October 2004 to file his state PCR petition that was not filed until February 10, 2006, fifteen months later, to be indicative of Petitioner's lack of diligence in pursuing his rights when he admittedly was concerned about time limitations on collateral review, as expressed in his ethics complaint.

Therefore, this Court is constrained to conclude that this habeas petition is now time-barred.  The factual record

concerning attorney misconduct was fully presented by Petitioner and there is no factual dispute by the parties in this regard that would necessitate an evidentiary hearing on the issue of whether such attorney misconduct constitutes extraordinary circumstances sufficient to justify equitable tolling, as this Court has determined that, even applying equitable tolling for the time period of counsel's malfeasance, as set forth above, Petitioner subsequently delayed and was not diligent in pursuing collateral review for a significant period of time thereafter. Further, Petitioner's motion for a stay and abeyance in this matter will be denied as moot since the Court has determined that this action is time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). Petitioner's motion for a stay and abeyance (Docket entry no. 1-5) will be denied as moot.  An appropriate order follows.

s/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

DATED: September 25, 2012