NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIN FORD, | : | Hon. Faith S. Hochberg |
| Petitioner, | : | Civil No. 11-6229 (FSH) |
| v. | : | **MEMORANDUM OPINION** |
| CHARLES WARREN, et al., | : | Date: March 18, 2014 |
| Respondents. | : | |

**HOCHBERG, District Judge:**

This matter is before the Court upon Petitioner's filing of a Petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was previously dismissed by this Court as time-barred. (*See* Opinion and Order, dated September 25, 2012, Dkt. Nos. 4 & 5). Petitioner has now filed a motion to proceed *in forma pauperis* (Dkt. No. 9) and a motion filed pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 10).

It appearing that:

1. On September 25, 2012, this Court entered an Opinion and Order dismissing Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred. This Court also denied issuance of a certificate of appealability because Petitioner had not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Furthermore, Petitioner was given 30 days to remit the required $5 filing fee for habeas petitions pursuant to Local Civil Rule 54.3. (*See* Docket entry nos. 4 and 5.)

2. It does not appear that Petitioner ever paid the filing fee as instructed by the Court. On October 7, 2013, Petitioner filed a motion for leave to proceed *in forma pauperis* (Docket entry no. 9).

3. Petitioner's application to proceed *in forma pauperis* fails to conform to the requirements of Local Civil Rule 81.2(b) and will be denied.

4. On October 7, 2013, Petitioner also filed a motion pursuant to Federal Rule of Civil Procedure 60(b)[1] (Dkt. No. 10).

5. "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Rule 60(b)(6) is a catch-all provision and provides that a party may be relieved from a final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, obtaining relief under Rule 60(b)(6) requires extraordinary and special circumstances. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citation omitted). "Such

---

[1] Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

        circumstances rarely occur in the habeas context."  *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

6. Petitioner has not shown the extraordinary and special circumstances necessary to obtain relief under Rule 60(b)(6). *See Pridgen*, 380 F.3d at 728. As stated in this Court's earlier Opinion, the petition is time-barred. Petitioner's assertions do not support equitable tolling such that the expiration of the limitations period did not run before filing with this Court.

7. Petitioner's motion for relief from judgment pursuant to Rule 60(b) will be denied.

                                              s/ Faith S. Hochberg
                                              **Hon. Faith S. Hochberg, U.S.D.J.**